

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY RAY CHAPMAN,

Petitioner,

v.                                                                                       Civil Action No. **3:15CV783**

C. ALLEN,

Respondent.

## MEMORANDUM OPINION

Johnny Ray Chapman, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the County of Southampton, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be GRANTED.

## I. PERTINENT PROCEDURAL HISTORY

On July 11, 2013, the Circuit Court entered final judgment and sentenced Chapman to an active prison term of twelve years and six months for possession with intent to distribute 227 grams of methamphetamine and felony child abuse. (ECF No. 17–2, at 1–4.) Chapman did not appeal.

On September 27, 2013, Chapman filed a petition for a writ of habeas corpus with the Circuit Court ("First State Habeas Petition"). (ECF No. 17–3, at 1.) On January 28, 2014, the Circuit Court denied the First State Habeas Petition. (ECF No. 17–4, at 5.) Chapman did not appeal.

On May 28, 2015, Chapman filed a second petition for a writ of habeas corpus with the

Supreme Court of Virginia ("Second State Petition"). (ECF No. 17–5, at 1.)  On November 18,

2015, the Supreme Court of Virginia dismissed the Second State Petition. (*Id.*)

On December 1, 2015, Chapman filed his § 2254 Petition in this Court.[1]  (§ 2254 Pet.

15.)  In his § 2254 Petition, Chapman asserts the following claims for relief:[2]

Claim One   "The state court erred when it denied Petitioner's state habeas corpus as contrary to clear and overwhelming evidence of ineffective assistance of counsel." (*Id.* at 6.)

Claim Two   Chapman was denied the effective assistance of counsel when counsel, "by letter of August 6, 2013," refused Chapman's request that counsel file an appeal. (ECF No. 2, at 3 (as paginated by CM/ECF).)

Claim Three   My attorney pressured me into pleading guilty. (*Id.* at 3–4 (as paginated by CM/ECF).)

Chapman's first claim does not provide any basis for federal habeas relief.  "[C]laims of error

occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus*

relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases).  This is so because

Chapman is detained as a result of the underlying state conviction, not the state collateral

proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008).  Accordingly, Claim

One will be DISMISSED.

---

[1] This is the date that Chapman states he placed his § 2254 Petition in the prison mailing system for mailing to this Court.  The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court corrects the capitalization, spelling, and punctuation in the quotations from Chapman's submissions.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Chapman's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

As Chapman failed to file an appeal, under 28 U.S.C. § 2244(d)(1)(A), his judgment became final on Monday, August 12, 2013, when the time to file a notice of appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins

running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (allowing no appeal unless notice of appeal filed within thirty days of final judgment).

Nevertheless, under 28 U.S.C. § 2244(d)(1)(D), Chapman may be entitled to a belated commencement of the limitation period for Claim Two, wherein he contends that counsel failed to file an appeal as requested. *El-Abdu'llah v. Dir., Virginia Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008). Under § 2244(d)(1)(D), the one-year limitation period commences on "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Owens v. Boyd*, 235 F.3d 356, 359–60 (7th Cir. 2000). Thus, this Court must determine when, acting with reasonable diligence, Chapman could have discovered that his direct appeal had not been filed. *See Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000). Given that on August 6, 2013, counsel sent Chapman a letter indicating that he would not be pursuing an appeal, Chapman should have known upon receipt of the letter that counsel was not pursuing an appeal. Therefore, as Chapman presumably received the letter within a week or so of its mailing, Chapman knew the factual predicate for Claim Two by August 20, 2013. Accordingly, the limitation period began to run on the next day, and continued to run for 37 days until Chapman filed his First State Habeas Petition on September 27, 2013. *See* 28 U.S.C. § 2244(d)(2).

C.    **Statutory Tolling**

The limitation period remained tolled from September 27, 2013 until January 28, 2014, when the Circuit Court dismissed the First State Habeas Petition. Upon the dismissal of the First States Habeas Petition, the limitation period ran for well over a year before Chapman filed his Second State Habeas Petition on May 28, 2015. Thus, the present § 2254 Petition is barred by

the statute of limitation unless Chapman demonstrates some equitable basis for avoiding the statute of limitation. As explained below, Chapman fails to make any such demonstration.

### D.     Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Here, Chapman asserts that his § 2254 Petition is timely "[b]ecause of the time taken in state court and the fact [that] I cannot read or write I have exercised all due diligence available to me. I am illiterate of the law and have not been able to exercise my due process rights because of this." (§ 2254 Pet. 14.) Such allegations fall woefully short of those necessary to demonstrate entitlement to equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003))); *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir. 1999) (concluding illiteracy fails to warrant equitable tolling). "Simply put, [Chapman] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Because Chapman fails to demonstrate entitlement to equitable tolling, the statute of limitations bars his § 2254 Petition.

5

## III.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be GRANTED.  Chapman's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED.  The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

/s/

Roderick C. Young
United States Magistrate Judge

Date: December _19_, 2016
Richmond, Virginia

6